UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THE DIOCESE OF MONTEREY PARISH & SCHOOL OPERATING CORPORATION,<br><br>Plaintiff,<br><br>v.<br><br>MILDRED GARCIA, et al.,<br><br>Defendants. | Case No.  25-cv-10477-PCP<br><br>**ORDER GRANTING MOTION TO DISMISS AND DENYING MOTION TO INTERVENE AS MOOT**<br><br>Re: Dkt. Nos. 22, 38 |

In this action, plaintiff the Diocese of Monterey Parish and Schools Operating Corporation seeks to recover a collection of artifacts from California State University at Monterey Bay (CSUMB). Now before the Court are defendants' motion to dismiss for failure to join an indispensable party under Federal Rules of Civil Procedure 12(b)(7) and third-party Ohlone/Costanoan-Esselen Nation's motion to intervene under Rule 24. For the reasons below, the Court grants defendants' motion to dismiss and denies the motion to intervene as moot.

**BACKGROUND**

The Diocese seeks to recover custody of roughly 400 boxes of artifacts excavated from archaeological digs at Diocese-owned missions. The Diocese alleges that the artifacts were excavated by researchers at CSUMB in 1995 and thereafter loaned to CSUMB for educational purposes. In 2023, CSUMB notified the Diocese that certain of the artifacts may be of Native American origin and therefore subject to the Native American Graves Protection and Repatriation Act (NAGPRA), 25 U.S.C. §§ 3001 *et seq.*, and California's related statute (CalNAGRPA), Cal. Health & Saf. Code §§ 8010 *et seq*. Those statutes require certain entities receiving federal funds (like CSUMB) to repatriate Native American human remains, funerary objects, and other cultural patrimony to recognized tribes through specified administrative processes. Upon receiving this

United States District Court<br>Northern District of California

notice, the Diocese objected to CSUMB's repatriation of the artifacts and requested to retake possession of the artifacts. Based on CSUMB's understanding that NAGPRA and CalNAGPRA may require repatriation of some of the artifacts to recognized tribes, CSUMB has refused to immediately return the artifacts to the Diocese.

The Diocese was not the only entity to receive notice of the potential Native American human remains and objects in the artifacts. CSUMB also consulted with the Central California Yokuts NAGPRA Coalition, a group that represents several federally recognized tribes in NAGPRA matters, including tribes whose ancestral lands were in or around the areas in which the artifacts were excavated. CSUMB represents, and the Diocese does not dispute, that the Coalition intends to file a formal claim with CSUMB for the repatriation of any funerary objects or cultural patrimony identified among the artifacts at issue in this case.

Based on CSUMB's retention of the artifacts, the Diocese asserts claims against various CSUMB officials for (1) unlawful exercise of eminent-domain powers not delegated to CSUMB by the California state legislature; (2) unlawful takings in violation of the Fifth Amendment to the United States Constitution and Article I § 19 of the California constitution; and (3) replevin. The Diocese seeks "a declaratory judgment that [d]efendants' ongoing and/or intended confiscation of the … [a]rtifacts exceeds the scope of [d]efendants' statutory authority and is unlawful" and "an order enjoining [d]efendants from transferring the … [a]rtifacts to third parties" and instead "requiring [d]efendants to return possession of the … [a]rtifacts to" the Diocese.

Defendants now move to dismiss the action pursuant to Rule 12(b)(7). Defendants argue that the Coalition is an indispensable party under Rule 19 and cannot be joined due to tribal sovereign immunity, requiring dismissal of the Diocese's complaint.

The Ohlone/Costanoan-Esselen Nation (OCEN), a non-federally recognized tribal group with cultural affiliation to the Monterey area, has also filed a motion to intervene under Federal Rule of Civil Procedure Rule 24. Like CSUMB, OCEN asserts that the excavated artifacts at issue in this case include Native American human remains and cultural patrimony. OCEN claims that both NAGPRA and CalNAGPRA entitle OCEN to inspect the artifacts (as well as any records thereof) and to consult on the parties' disposition of the artifacts, some of which may need to be

repatriated to the most likely descendants of the individuals whose remains were excavated. According to OCEN, neither CSUMB nor the Diocese have acknowledged or fully complied with their obligations under NAGPRA and CalNAGPRA. OCEN therefore seeks to join this action to assert claims for (1) damages arising from alleged negligence in excavating the artifacts; (2) a declaration requiring CSUMB and the Diocese to fulfill their NAGPRA obligations; and (3) a declaration concerning CSUMB and the Diocese's obligations related to their discovery of Native American human remains under California state law, including CalNAGPRA.

## LEGAL STANDARD

A party may move to dismiss a complaint for, among other reasons, "failure to join a party under Rule 19." Fed. R. Civ. P. 12(b)(7). That rule was designed "to protect the interests of absent parties, as well as those ordered before the court, from multiple litigation, inconsistent judicial determinations[,] or the impairment of interests or rights." *CP Nat'l Corp. v. Bonneville Power Admin.*, 928 F.2d 905, 911 (9th Cir. 1991). To resolve a motion to dismiss for failure to join a party under Rule 19, the Court must perform a "three-step inquiry":

> First, [the Court] determine[s] whether the absent party is "required" under Rule 19(a). If the absent party is required, [the Court] then "determine[s] whether joinder of that party is feasible." If joinder is infeasible, [the Court] must then "determine whether, in equity and good conscience, the action should proceed among the existing parties or should be dismissed" [based on the factors set forth in Rule 19(b)].

*Maverick Gaming LLC v. United States*, 123 F.4th 960, 972 (9th Cir. 2024) (quoting *Klamath Irrigation Dist. v. U.S. Bureau of Reclamation*, 48 F.4th 934, 947 (9th Cir. 2022)), *cert. denied sub nom. RunItOneTime LLC v. United States*, 146 S. Ct. 98 (2025).

## ANALYSIS

### I.    The Coalition is an indispensable party that cannot be joined and whose absence requires dismissal.

Defendants move to dismiss for failure to join a party under Rule 19. As explained above, resolving that motion would ordinarily require "a three-step inquiry." *Maverick Gaming*, 123 F.4th at 972. But here, the Diocese expressly concedes that joinder of the Coalition is infeasible due to tribal sovereign immunity. And the Diocese makes no attempt to argue that, if the Coalition is a

3

"required" party, the action should nonetheless proceed without it based on the factors listed in Rule 19(b).[1] So the only question the Court must answer is whether the Coalition is a required party under Rule 19(a).

Under Rule 19(a)(1), a person or entity is a required party if:

>   (A) in that person's absence, the court cannot accord complete relief among existing parties; or
>
>   (B) that person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may:
>
>   >   (i) as a practical matter impair or impede the person's ability to protect the interest; or
>   >
>   >   (ii) leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest.

Fed. R. Civ. P. 19(a)(1). Here, as defendants argue, the Coalition is a required party under Rule 19(a)(1)(B) because it claims an interest in the artifacts at issue and disposing of the action would both impair the Coalition's ability to protect that interest and leave defendants subject to a substantial risk of incurring inconsistent obligations.

### A. The Coalition claims an interest relating to the subject of this action.

First, the Coalition claims an interest in the subject of the action—that is, the artifacts retained by CSUMB. "Rule 19 is designed to protect 'a party's right to be heard and to participate in adjudication of a claimed interest, even if the dispute is ultimately resolved to the detriment of that party." *White v. Univ. of California*, 765 F.3d 1010, 1026–27 (9th Cir. 2014) (quoting *Shermoen v. United States,* 982 F.2d 1312, 1317 (9th Cir. 1992)). For that reason, "the rule contemplates that a party need only have a 'claim' to an interest." *Id.* at 1026 (quoting Fed. R. Civ.

---

[1] For good reason. "The balancing of equitable factors under Rule 19(b) almost always favors dismissal when a tribe cannot be joined due to tribal sovereign immunity." *Deschutes River All. v. Portland Gen. Elec. Co.*, 1 F.4th 1153, 1163 (9th Cir. 2021) (quoting *Jamul Action Comm. v. Simermeyer*, 974 F.3d 984, 998 (9th Cir. 2020)); *see also id.* ("There is a wall of circuit authority in favor of dismissing actions in which a necessary party cannot be joined due to tribal sovereign immunity—virtually all the cases to consider the question appear to dismiss under Rule 19, regardless of whether an alternative remedy is available, if the absent parties are Indian tribes invested with sovereign immunity." (citation modified) (quoting *Diné Citizens Against Ruining Our Env't v. Bureau of Indian Affs.*, 932 F.3d 843, 857 (9th Cir. 2019))).

United States District Court
Northern District of California

United States District Court
Northern District of California

P. 19(a)(2)). And the Ninth Circuit held in *White* that tribes "unquestionably have a sufficient claim to a legally protected interest [to human remains] to satisfy Rule 19" where they have "made formal claims to … remains" under NAGPRA. *Id.* at 1027. Here, based on a county coroner's conclusion that the artifacts include Native American human remains, the Coalition has informed defendants of their intent to file a formal claim to the artifacts under NAGPRA and CalNAGPRA. Under *White*, that is sufficient to satisfy Rule 19.

The Diocese does not meaningfully dispute that the Coalition claims an interest in the artifacts. Instead, the Diocese argues that the artifacts themselves are not the "subject of th[is] action" for purposes of Rule 19. The Diocese insists that the "subject of the action" is solely "whether [CSUMB] lacks statutory or constitutional authority to take the Mission Artifacts." Relying on the dissent in *White*, the Diocese argues that its claims related to eminent domain, takings, and replevin do not implicate the Coalition's legally protected interest in the artifacts under NAGPRA because the claims "will not resolve whether, under NAGPRA, the [Coalition is] entitled to 'ownership or control' of the [Mission Artifacts]." 765 F.3d at 1030 (Murguia, J., dissenting). A dissent, however, is not the law. And as the binding majority opinion in *White* explained, the inquiry under Rule 19(a) "is a practical one." *Id.* at 1026 (quoting *Makah Indian Tribe v. Verity,* 910 F.2d 555, 558 (9th Cir. 1990)). The Coalition's *practical* interest is in control and custody of the artifacts, not in determining whether CSUMB had legal authority to retain the artifacts after the Diocese requested their return.

**B.      Disposing of the action could impair the Coalition's interest.**

Disposing of this action could impair the Coalition's ability to protect its interest in the artifacts. In its complaint, the Diocese seeks an order "enjoining [d]efendants from transferring the [a]rtifacts to third parties" and "requiring [d]efendants to return possession of the … [a]rtifacts to" the Diocese. And the Diocese does not concede that it is subject to NAGPRA's repatriation requirement. Thus, if the Diocese prevails on its claims in this action, the artifacts would no longer be in the possession of an entity that recognizes or is indisputably subject to a duty to repatriate any artifacts determined to be Native American remains, funerary objects, or cultural patrimony. That could impair the Coalition's interest, as it would make it substantially more difficult for the

5

Coalition to obtain custody and control of the artifacts. *See id.* at 1027 (holding that tribes' interest in remains would be impaired by the adjudication of claims that could prevent the tribes from pursuing repatriation under NAGPRA).

The Diocese argues that disposing of its claims would not impair the Coalition's protected interest in the artifacts because the Diocese does not seek to determine whether the artifacts contain Native American human remains or are otherwise of Native American origin. This argument rests on the same mistaken premise discussed above. Again, the Coalition's interest is in control and custody of the artifacts. Of course, claims that sought to determine that the artifacts were not of Native American origin would impair the Coalition's interest by preventing the Coalition from using NAGPRA to obtain the artifacts. As the Diocese notes, that was exactly the case in *White*. *See* 765 F.3d at 1027 (finding that disposing of an action seeking a determination that human remains were not subject to NAGPRA would impair tribes' interest in the remains by "extinguish[ing]" the tribes' NAGPRA claims "without the opportunity for them to be heard"). But nothing in *White* suggests that other types of claims could not similarly impair tribes' interest in taking custody of their cultural patrimony and human remains. Common sense suggests the opposite. So too does the Diocese's concession at the hearing that it is unaware of any legal authority that might require it to repatriate recovered artifacts to the Coalition, even if the artifacts contained Native American human remains or cultural patrimony. As a result, it is clear that the Court's disposition of the claims asserted in this case could impair the Coalition's ability to regain control and custody of the artifacts.

### C.    Disposing of the Diocese's claims could subject defendants to a risk of incurring inconsistent liabilities or obligations.

That the adjudication of the Diocese's claims could impair the Coalition's interest is reason enough to conclude that the Coalition is a required party. Even if there were no such impairment, however, the Coalition would be a required party because disposing of this action without it could leave defendants subject to a substantial risk of inconsistent liabilities or obligations. As defendants explain in their motion, a judgment for the Diocese in this action would oblige defendants not to return the artifacts to any third party, like the Coalition. Yet if the artifacts are

United States District Court
Northern District of California

determined to contain Native American human remains, funerary objects, or cultural patrimony, NAGPRA and CalNAGPRA would oblige defendants to repatriate the objects to the Coalition. And the Coalition would not be bound by any judgment in this action, leaving it free to assert their own claims against defendants. That would expose defendants to precisely the sort of double liability that Rule 19 seeks to avoid.

Because the Coalition is a required party under Rule 19(a), and because the Diocese does not dispute that the Coalition meets the other requirements to find that a party is indispensable under Rule 19, dismissal is proper under Rule 12(b)(7).

## II.     OCEN's motion to intervene is moot.

Because the Court dismisses the Diocese's complaint in its entirety, OCEN's motion to intervene in the action is moot. *See Cloverdale Rancheria of Pomo Indians of California v. Salazar*, No. 5:10-CV-1605, 2012 WL 1669018, at *8 (N.D. Cal. May 11, 2012), *aff'd sub nom. Cloverdale Rancheria of Pomo Indians of California v. Jewell*, 593 F. App'x 606 (9th Cir. 2014). The Court denies the motion to intervene on that basis.

### CONCLUSION

For the foregoing reasons, defendants' motion to dismiss the claim pursuant to Rule 12(b)(7) is GRANTED, and the Diocese's complaint is dismissed without prejudice for failure to join an indispensable party under Rule 19. Dismissal is without further leave to amend. The Court will not address defendants' motion to dismiss the complaint under Rule 12(b)(6) for failure to state a claim. OCEN's motion to intervene is DENIED as moot.

**IT IS SO ORDERED.**

Dated: May 11, 2026

P. Casey Pitts
United States District Judge

7